1  Lisel M. Ferguson (Bar No. 207637)
   lisel.ferguson@procopio.com
2  PROCOPIO, CORY, HARGREAVES &
      SAVITCH LLP
3  525 B Street, Suite 2200
   San Diego, CA 92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   *Attorneys for Plaintiff,*
6  AMERICAN TUNA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN TUNA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALDI INC., a Illinois corporation,<br><br>Defendant. | Case No. **'16CV2342 H    JLB**<br><br>**COMPLAINT FOR**<br>**(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;**<br>**(2) UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. §1125(A);**<br>**(3) INJUNCTIVE RELIEF UNDER THE LANHAM ACT 15 U.S.C. § 1116;**<br>**(4) UNFAIR COMPETITION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; AND**<br>**(5) NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff American Tuna, Inc. ("American Tuna" and/or "Plaintiff") hereby alleges against Defendant Aldi Inc. ("Aldi" and/or Defendant) as follows:

1
COMPLAINT

## JURISDICTION AND VENUE

1. This is a Complaint for (i) federal trademark infringement pursuant to 15 U.S.C. § 1114; (ii) unfair competition arising under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); (iii) injunctive relief under Lanham Act 15 U.S.C. § 1116; and (iv) unfair competition arising under California Business & Professions Code § 17200 *et seq.*; and (v) negligent interference with prospective economic relations.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the opportunity to conduct commercial activities in this Judicial District by selling and advertising its tuna fish product in this Judicial District.

4. Venue in this action properly lies in the Southern District of California under 28 U.S.C. §§ 1391 and 1400 as the Defendant provides goods and services to customers within California and this Judicial District, the Defendant has conducted business, published websites and has derived income from the sale of goods and services to the public within this Judicial District.

## PARTIES

5. Plaintiff American Tuna, Inc. is a California corporation with its principal place of business at 4364 Bonita Rd., #331, Bonita, California 91902.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Aldi Inc. is a Illinois corporation with a principal place of business at 1200 N. Kirk Rd., Batavia, IL 60510.

7. Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including sale of products and the conduction of

2
COMPLAINT
DOCS 123198-000002/2606352.3

business within this District as described herein.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

### Plaintiff's "POLE & LINE" Business and Trademarks

8. Plaintiff is the maker of "Pole & Line", pole caught wild albacore tuna.

9. Since 2005 American Tuna has been selling its organic, high quality canned tuna.

10. American Tuna has been selling tuna fish under the brand POLE & LINE since 2013. American Tuna has had common law trademark rights in the words Pole & Line as a mark to sell canned tuna fish since January 1, 2014

11. American Tuna has used its federally registered logo for the mark "POLE & LINE" ("Pole & Line" and/or "Registered Trademark") (Registration No. 4,778,044) since at least June 1, 2014. (Plaintiff's Registration for 4,778,044 and common law mark for the words POLE & LINE are collectively referred to herein as "Trademarks").

12. American Tuna's brand is built upon its high quality, sustainable product, which is intricately linked to its trademark "Pole & Line".

13. Plaintiff has continuously utilized its Trademarks on its cans of tuna fish to promote, offer and sell its products worldwide. A copy of Plaintiff's tuna can is attached hereto as Exhibit A.

14. American Tuna's fish is caught by artisanal fisherman using sustainable methods where the tuna are caught one at a time. The fish can be traced to its source and even the specific vessel it was caught on. All fish are harvested in two Marine Stewardship Counsel certified sustainable fisheries.

15. American Tuna sells its canned tuna at high end stores such as Whole Foods Market where the consumers recognize this product through the "Pole & Line" Trademarks. Each 5-ounce can of tuna contains solid tuna steak that has been hand-filleted and cooked to perfection.

DOCS 123198-000002/2606352.3

16. A website regarding Plaintiff's premium quality products and environmentally responsible approach is featured on the World Wide Web at www.poleandlinecaught.com. The About Us page of the website is attached hereto as Exhibit B.

17. Throughout the United States, Plaintiff has promoted itself under its Trademarks as a provider of premium quality tuna products which are pole line caught using environmentally sustainable methods. These promotions were made through advertising, marketing, and other promotional material and on documents, business cards and other business related documentations.

18. The consuming public associates the Trademarks with Plaintiff and its goods.

19. Plaintiff's continued and uninterrupted use of its Trademarks has caused Plaintiff's Trademarks to be associated with its high quality Pole & Line caught albacore tuna. Further, Plaintiff's continued use of its Trademarks in conjunction with its goods and services has created a high business reputation and established considerable goodwill in the industry for providing high quality foods and service.

**Defendant's Infringement And Unlawful Use Of Plaintiff's Marks**

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant is engaged in the grocery store business selling among other items, canned tuna.

21. Plaintiff is informed and believes, and on that basis alleges, that Defendant was formed as a corporate entity in 1975.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the website (https://www.aldi.us/) advertising its stores and products to customers nationwide.

23. On June 17, 2016 Plaintiff sent a cease and desist letter to Defendant, requesting Defendant to cease utilizing the name "Pole & Line" ("Infringing Mark")

as such use is confusingly similar to Plaintiff's Trademark. A copy of which is attached hereto as Exhibit C.

24. Defendant's attorney Vincent J. Elders of Smith, Landmeier & Elders, P.C. responded on June 28, 2016 advising that they represent Defendant ALDI Inc. in the instant matter and would provide a substantive response by July 8. 2016. A copy of which is attached hereto as Exhibit D.

25. On July 8, 2015, a further response was received from attorney Elders. A copy of which is attached hereto as Exhibit E. Attorney Elders advised Plaintiff that his client Aldi would not cease its infringing use of the mark Pole & Line ("Infringing Mark").

26. As of the date of this Complaint, Defendant has not ceased utilizing the Infringing Mark.

27. Plaintiff is informed and believes, and thereon alleges that Defendant is using the mark POLE & LINE ("Infringing Mark") to market and sell canned fish and related products similar to those offered and sold by Plaintiff under its Mark. See Exhibit F. This Infringing Mark has been used on the Defendant's store brand product.

28. Plaintiff is informed and believes, and thereon alleges that the Defendant has passed their products and services off in a manner calculated to deceive Plaintiff's customers and members of the general public, and that Defendant has copied Plaintiff's Trademarks in an effort to confuse the public into believing that Defendant and Plaintiff are one and the same; or that Defendant is connected to and/or condoned by Plaintiff.

29. The natural, probable and foreseeable result of Defendant's wrongful conduct has been to deprive, and it will continue to deprive Plaintiff of the benefits of the sale of its goods and services and to deprive Plaintiff of its goodwill, and to injure Plaintiff's relations with present and prospective customers.

DOCS 123198-000002/2606352.3

1  30. Plaintiff is informed and believes, and based thereon alleges, that it has lost, and will continue to lose, substantial revenues from Defendant's use of the Infringing Mark to market and sell its canned albacore tuna products. Defendant's wrongful conduct will also deprive Plaintiff of the opportunity of expanding its goodwill.

  31. Plaintiff is informed and believes, and based thereon alleges, that unless enjoined by this Court, Defendant will continue its current course of conduct, wrongfully using, infringing upon, selling and otherwise profiting from Plaintiff's trade name, likeness, and marketing strategies.

  32. As a direct and proximate result of the acts alleged above, Plaintiff has suffered irreparable damage and lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and sustain loss of profits until Defendant's actions alleged above are enjoined by this Court.

  33. As a direct and proximate result of the acts alleged above, Plaintiff seeks damages to compensate it for lost profits and the loss of goodwill that Defendant has caused.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement: 15 U.S.C. § 1114)

  34. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

  35. Plaintiff is the owner of United States Trademark Registration Nos. 4,778,044 ("Trademark").

  36. Plaintiff is also the owner of the common law trademark for POLE & LINE words when used to brand canned tuna fish.

  37. The actions of Defendants described herein constitute infringement of the Plaintiff's Trademarks in violation of 15 U.S.C. § 1114.

DOCS 123198-000002/2606352.3

38. Defendant has used in commerce, without the permission or consent of Plaintiff, the term "Pole & Line" that is identical to and/or confusingly similar to Plaintiff's Trademark. Defendant has infringed Plaintiff's Trademarks and created a false designation of origin by utilizing said mark and/or similar mark in connection with the manufacture, offer for sale, sale, distribution, promotion and/or marketing of Defendant's Products without the permission or consent of Plaintiff. Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public. Defendant's acts are also designed to deceive the public into believing that Defendant's products are associated with, sponsored by, approved by and/or condoned by Plaintiff.

39. Plaintiff is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Plaintiff's ownership and use in commerce of Plaintiff's Trademarks and, without the permission or consent of Plaintiff, has willfully and intentionally violated 15 U.S.C. § 1114.

40. As a direct and proximate result of Defendant's unauthorized use of the Infringing Mark, Defendant has damaged and will continue to damage Plaintiff's goodwill and reputation, and has caused and is likely to continue causing Plaintiff a loss of sales and profits. Defendant's actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendant's unauthorized use of the Plaintiff's Trademark, and unless restrained and enjoined by this Court Defendant's harm will continue. Plaintiff has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring Plaintiff.

41. As a further direct and proximate result of Defendant's actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time

DOCS 123198-000002/2606352.3

of trial. In addition, Plaintiff is entitled to disgorge Defendant's profits, and is entitled to interest and to its attorney's fees and costs incurred in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief requiring Defendant to cease use of the Infringing Mark, and to all other and further forms of relief this Court deems appropriate.

42. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Under Lanham Act: 15 U.S.C. § 1125(a))

43. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Plaintiff provides high quality sustainably caught tuna fish and related products, to customers.

45. Defendant provides similar goods in the same manner using the Infringing Mark for sale in its stores. The goods and services provided by Defendant under the Infringing Mark will confuse and deceive the public into thinking that the goods sold and services provided by Defendant are Plaintiff's goods and services, or that there is some connection or affiliation between Plaintiff and Defendant.

46. As a result of Defendant's acts, Plaintiff will continue to suffer harm and will lose income from the sale of those goods diverted away by Defendant. Further, Plaintiff will lose goodwill because of the potentially poor quality of Defendant's goods, products, services and advertisements used in connection with Defendant's infringing products. Moreover, Defendant's infringing goods, products and services are likely to be inferior to those offered by Plaintiff, which will reflect negatively on Plaintiff, thus harming Plaintiff's business reputation. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of

8
COMPLAINT

trial.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief Under Lanham Act: 15 U.S.C. § 1116)

47. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly and willfully copied and is using Plaintiff's Trademarks, goods and service likeness in its advertising, websites and restaurant. Plaintiff is further informed and believes, and based thereon alleges, that Defendant copied Plaintiff's trade name for the specific purposes of infringing upon Trademarks and falsely designating its goods with Plaintiff. Additionally, Plaintiff believes that Defendant is representing that it is associated with, sponsored by, approved by and/or condoned by Plaintiff.

49. Unless enjoined by this Court, Defendant will continue its course of conduct, wrongfully advertising, using, infringing upon, selling and otherwise profiting from Plaintiff's Trademarks and similar goods. As a direct and proximate result of the acts of Defendant, Plaintiff will suffer irreparable damage and will sustain lost profits. Plaintiff will lose the benefit of the advertising and goodwill for which Plaintiff has expended large sums of money, time and effort promoting during the past five years, and Plaintiff will also lose large sums of money in diverted business.

50. Plaintiff has no adequate remedy at law to address all of the injuries Defendant has caused, and intend to cause by their conduct. Plaintiff will suffer irreparable damage and sustain loss of profits until Defendant's actions alleged herein are enjoined by this Court.

DOCS 123198-000002/2606352.3

# FOURTH CLAIM FOR RELIEF

**(Unfair Competition California Business and Professions Code § 17200 *et seq.*)**

51. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. This is a cause of action under California state law pursuant to the Business and Professions Code § 17200 *et seq*.

53. While continuously using its Trademarks in the United States since 2014, Plaintiff has developed valuable goodwill in its Trademarks, which have come to be associated exclusively with Plaintiff's business by the general public throughout the United States.

54. At all times herein mentioned, Defendant had actual knowledge of the existence of Plaintiff's use its Trademarks.

55. Defendant's tuna product name is deceptively similar to Plaintiff's Trademarks. The use of this deceptively similar name by Defendant caused and will cause the public, prospective customers, creditors, suppliers and others to confuse Plaintiff with Defendant and vice versa. Plaintiff has made demands on Defendant to cease and desist using the Infringing Mark. Defendant continues to use the Infringing Mark despite Plaintiff's demand and will continue such use unless enjoined by this Court.

56. Plaintiff is the original user and owner of its "POLE & LINE" Trademarks for use in the sale of tuna fish and related products and the name has acquired, in the minds of the purchasing public, a secondary meaning apart from its primary and descriptive significance. It has also become a distinctive trade name denoting to the eye and mind of the public a level of care, skill, industry, reliability, and individuality resulting in a reputation for excellence and high quality foods throughout the United States. Due to such reputation and public awareness, Plaintiff has established considerable goodwill in connection with its "Pole & Line"

DOCS 123198-000002/2606352.3

Trademarks.

57. Additionally, Plaintiff has been informed that Defendants tuna is not caught by sustainable methods and is not always caught with a pole, and as such, if this is the case, Defendant is misrepresenting its product to the consumers.

58. Defendant essentially sells the same type of goods as Plaintiff. Defendant is selling cans of tuna fish in its grocery stores bearing the Infringing Mark. Defendant's Infringing Mark is identical to Plaintiff's Trademarks, and Defendant's use of the Infringing Mark creates a likelihood that Plaintiff's current customers, potential customers, and the general public will be confused or misled as to the source of goods because Defendant's business is identical to or appears to be affiliated with Plaintiff.

59. Defendant's conduct amounts to unfair competition prohibited by the California Business and Professions Code.

60. Defendant is using, and unless restrained, will continue to use the Infringing Mark. As a result, the general public will be misled and deceived into believing that Defendant is Plaintiff or that there is an affiliation with Plaintiff, all to the irreparable injury of Plaintiff's business and goodwill, and to the unjust enrichment of Defendant. Plaintiff has no adequate remedy at law because it is extremely difficult to ascertain the damage proximately caused to Plaintiff's business and goodwill.

## FIFTH CAUSE OF ACTION

**(Negligent Interference with Economic Relations)**

61. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Plaintiff provides quality products and goods which it markets to the public. Plaintiff's products and goods are well developed and are highly regarded. Plaintiff has extensive experience and involvement with the fishing industry and the

DOCS 123198-000002/2606352.3

1. sale of tuna fish products.

63. Plaintiff derives much of its income from repeat business from its customers. Once a party buys and consumes Plaintiff's products, they generally return in the future. Plaintiff reasonably relies on this return business for much of its income. Plaintiff's ability to earn the overhead and profit generated by these relationships will be directly affected by Defendant's interference with Plaintiff's customers.

64. Defendant knows that Plaintiff is engaged in the business of selling tuna fish and related products. Defendant also knows that Plaintiff sells its goods nationwide.

65. Defendant has negligently obstructed and interfered with Plaintiff's right to conduct business, and the profit generated thereby, thus affecting Plaintiff's ability to successfully operate its business.

66. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

**ON THE FIRST AND SECOND CAUSES OF ACTION:**

1. That Defendant be adjudged to have infringed Plaintiff's Trademarks in violation of federal law;

2. That Defendant be adjudged to have willfully infringed Plaintiff's Trademarks in violation of federal law;

3. For actual damages according to proof at trial;

4. For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

5. For treble damages for willful infringement pursuant to 15 U.S.C.

§ 1117(b);

6. For disgorgement of Defendants' profits;

7. For injunctive relief;

8. For attorney's fees for wrongful willful and deliberate action under 17 U.S.C. § 1051, *et seq.*;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION:**

11. That Defendants, their agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from using the Infringing Marks in any manner, and from the following activities:

   a. Soliciting and/or selling products bearing Plaintiff's Trademarks or confusingly similar marks; and

   b. Publishing or distributing advertisements or articles using Plaintiff's Trademarks.

12. For such other and further relief as the Court deems just and proper.

**ON THE FOURTH AND FIFTH CAUSES OF ACTION:**

13. For general and special damages in a sum according to proof at trial;

14. For an award of damages equal to the profit realized from Defendants' conduct, as alleged;

15. For costs of suit incurred herein;

16. For any profits obtained by Defendants;

17. For attorneys' fees, costs, and prejudgment interest; and

18. For such other and further relief as the Court deems just and proper.

DOCS 123198-000002/2606352.3

| | |
|---|---|
| DATED: September 16, 2016 | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
| | By: s/Lisel M. Ferguson |
| | Lisel M. Ferguson |
| | lisel.ferguson@procopio.com |
| | Procopio, Cory, Hargreaves and Savitch LLP |
| | 525 B Street, Suite 2200 |
| | San Diego, CA 92101 |
| | Telephone: 619.238.1900 |
| | Facsimile: 619.235.0398 |
| | *Attorneys for Plaintiff*, AMERICAN TUNA, LLC |